**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JAMES TURNIPSEED                                           :

     Plaintiff                                           :

v                                                          :         Civil Action No. DKC-07-2953

KOPPEL                                                     :

     Defendant                                          :

o0o

## **MEMORANDUM**

Plaintiff has supplemented the above-captioned civil rights Complaint.  Paper No. 3.  In addition he has filed a Motion to Proceed In Forma Pauperis and a Motion to Appoint Counsel. Papers No. 4 and 5.   Because Plaintiff appears to be indigent, his Motion to Proceed In Forma Pauperis shall be granted.  For the reasons that follow, the Complaint must be dismissed.

Plaintiff alleges he was assigned to single cell status in protective custody housing pursuant to a psychologist's order.  Paper No. 1 and 3.  He states that on October 25, 2007, the Warden ordered all protective custody inmates to share a cell with another protective custody inmate or receive an infraction for refusing a housing assignment. Paper No. 3. Plaintiff claims he was tricked into agreeing to share a cell with Elmer Spencer . *Id*.  Plaintiff alleges the Warden's order was an abuse of authority because the doctor's "single cell paper" has no expiration date and is "good until you die." *Id*.  Plaintiff does not allege that Mr. Spencer presents a threat to his safety or that he has otherwise been harmed by the change in his housing assignment.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The instant case fails to state

a claim on which relief may be granted.  First, prisoners do not have a constitutional right to a single

cell.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (conditions must be an atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life to state a constitutional

claim).     Second, even if a constitutional right were implicated Plaintiff fails to allege any

discernible injury.  "[T]o withstand summary judgement on an Eighth Amendment challenge to

prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional

injury resulting from the challenged conditions."  *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th

Cir.1993).  Finally, in determining whether the challenged conditions amount to punishment it is not

the province of this court to determine how a particular prison might be more beneficently operated;

the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S.

472, 482 (1995).

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis*

status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought

an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury." The instant case will be the first filed by

Plaintiff that has been dismissed under this standard.  By separate order which follows, the action

will be dismissed.


   December 17, 2007                                                 /s/        
Date                                                                           DEBORAH K. CHASANOW
                                                                               United States District Judge